# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 5, 2010

No. 09-60350
Summary Calendar

Lyle W. Cayce
Clerk

MIGUEL ANGEL HERNANDEZ RAMIREZ,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A095 875 396

Before WIENER, DeMOSS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Miguel Angel Hernandez Ramirez, a native and citizen of Mexico, petitions this court to review the decision of the Board of Immigration Appeals (BIA) to reverse the decision of the immigration judge (IJ) and deny his application for withholding of removal. He does not challenge the BIA's rulings that his asylum application was untimely and that he failed to establish that he was entitled to relief under the Convention Against Torture; thus, these claims are abandoned. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Hernandez Ramirez contends that the BIA misapplied the standards of review applicable to the IJ's decision and that the IJ's finding of past persecution was a factual finding that the BIA should have reviewed only for clear error. *See* 8 C.F.R. § 1003.1(d)(3)(i). Although an IJ's finding about "'what happened' to the individual" constitutes a factual finding reviewable for clear error, the determination by the IJ that those facts rise to the level of past persecution constitutes a legal question that the BIA may review de novo. Board of Immigration Appeals: Procedural Reforms to Improve Case Management, 67 Fed. Reg. 54,878-01, 54,890 (Aug. 26, 2002); *see, e.g. Matter of A-S-B-*, 24 I&N Dec. 493, 496-98 (BIA 2008); § 1003.1(d)(3)(ii). The agency's interpretation of its rules is entitled to deference unless the interpretation is "arbitrary, capricious, or manifestly contrary to the statute." *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 844 (1984); *see also United States v. Mead Corp.*, 533 U.S. 213, 229-31 (2001). The BIA's decision did not reweigh the facts found by the IJ but instead determined that the facts alleged by Hernandez Ramirez did not rise to the level of persecution. *Cf. Alvarado de Rodriguez v. Holder*, 585 F.3d 227, 235 (5th Cir. 2009) (holding that the BIA's actions in reweighing the facts regarding a bona fide marriage constituted an improper application of the standard of review).

Hernandez Ramirez asserts that he established past persecution because the undisputed evidence established that he was raped on account of his homosexuality. *See Matter of Toboso-Alfonso*, 20 I&N Dec. 819, 822-23 (BIA 1990) (a person's sexual orientation may form the basis for an asylum claim as a particular social group). He contends that his testimony established that his reporting the rape to authorities was futile and that he was not required to demonstrate that the Mexican government refused to protect him. Hernandez Ramirez also contends that the fact that ho ophobic practices and beliefs continue to exist in Mexico, despite the fact that the Mexican government has prohibited discrimination based on sexual orientation and engaged in campaigns

for tolerance of homosexuals, establishes that he will be persecuted if he returns to Mexico. We conclude from a review of the record that the BIA's determination is supported by substantial evidence, and the record does not compel a conclusion contrary to the BIA's denial of withholding of removal. *See Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006); *Tesfamichael v. Gonzales*, 469 F.3d 109, 113 (5th Cir. 2006); *Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002). The petition for review is thus DENIED.